UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA S.,[1] <br>     Plaintiff <br> v. <br> ANDREW SAUL, Commissioner of Social Security, <br>     Defendant. | Case No. 2:19-cv-06862-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Anita S. filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br.") and Dkt. 19 ("Def.'s Br.")]. Plaintiff did not file a reply. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff applied for SSI under Title XVI of the Social Security Act in November 2015, alleging disability beginning in January 2008. [Administrative Record (AR 157-66).] The agency denied Plaintiff's claims initially and on reconsideration (AR 90-990, and an Administrative Law Judge ("ALJ") convened a hearing in June 2018. [AR 44-60.] In a decision dated June 20, 2018, the ALJ determined that Plaintiff was not disabled, following the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a). [AR 27-43.]

As relevant here, the ALJ found that Plaintiff had medically severe impairments of degenerative disc disease of the lumbar spine, sciatica, right knee derangement and degenerative joint disorder, obesity, and depression. [AR 32.] The ALJ concluded that these impairments did not meet or equal any impairment listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (AR 32-33) and found that Plaintiff had the following Residual Functional Capacity ("RFC"):

> [T]o perform light work as defined in 20 C.F.R. § 416.967(b) except stand and/or walk for 6 hours in an 8-hour workday and she can sit for 6 hours in an 8-hour workday; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; she can understand and remember tasks; he [sic] can sustain concentration and persistence, he [sic] can socially interact with the general public, co-workers, and supervisors, and he [sic] can adapt to workplace changes frequently enough to perform unskilled jobs that require 1-step or 2-step simple instructions.

[AR 34-37.]

The ALJ determined that Plaintiff had no past relevant work. [AR 38.] The ALJ determined, however, that considering Plaintiff's age, education, work experience, and RFC, there were jobs in the national economy that Plaintiff could perform, and she was not disabled. [AR 38-39.] The ALJ's determination was based, in part, on a colloquy with a Vocational Expert ("VE"), Mr. Leeth. [AR 56-59.] The VE was asked to opine, given Plaintiff's RFC, "what jobs might be available?" [AR 58.] The VE responded that there would be "packager positions,"

"electronic worker positions," and "sorter positions." [*Id.*] When asked whether those jobs were "consistent with the DOT," the VE responded in the affirmative. [*Id.*]

Plaintiff challenges the ALJ's decision based on two alleged errors. First, Plaintiff contends that the RFC limitation to "unskilled jobs that require 1-step or 2-step simple instructions" conflicts with the representative jobs identified by the VE, each of which, pursuant to the Dictionary of Occupational Titles ("DOT") require reasoning level 2, where reasoning level 2 requires more than one-to-two step tasks. [Pltf's Br. at 4-5 (citing *Rounds v. Comm'r Soc. Security Admin.,* 807 F.3d 996, 1003-04 (9th Cir. 2015).] And further, according to Plaintiff, the ALJ did not elicit a reasonable explanation from the VE that accounts for and resolves the alleged conflict with the DOT. Second, Plaintiff contends that the ALJ improperly evaluated her testimony, failing to properly credit her complaints of debilitating physical and mental limitations. Because the Court finds that this case should be remanded based on the inconsistency between the RFC limitations and the DOT requirements for the example jobs, it will not address Plaintiff's second argument. On remand, however, the ALJ should consider each of Plaintiffs allegations of error.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

### The Vocational Expert's Testimony Conflicted With The DOT And The ALJ Erred By Failing To Resolve The Conflict.

Plaintiff contends that the jobs identified by the VE – packager, classified in the DOT at 726.687-042; electronic worker, classified in the DOT at 726.687-010; and floater, classified in the DOT at 222.687-014 [*see* AR 39] – each require reasoning level 2. As the Ninth Circuit held in *Rounds v. Commissioner Social Security Administration,* a reasoning level two occupation requires more that one-to-two step tasking. 807 F.3d 995, 1003-04 (9th Cir. 2015). Plaintiff argues that because a limitation to "1-step or 2-step simple instructions" was part of Plaintiff's RFC as determined by the ALJ, the jobs identified by the VE, per the DOT, are in conflict with Plaintiff's RFC limitations. The Court agrees.

In general, an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p ). If a deviation from the DOT exists, the ALJ should obtain a reasonable explanation for the deviation. *Massachi*,

4

486 F.3d at 1153; SSR 00-4p; *Light v. Comm'r of Soc. Sec. Admin.,* 119 F.3d 789, 793 (9th Cir. 1997) (ALJ may rely on vocational expert testimony that contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Evidence sufficient to support a deviation from the DOT may be either specific findings of fact regarding Plaintiff's ability to perform particular jobs, or inferences drawn from the context of the vocational expert's testimony. *See Johnson*, 60 F.3d at 1435, n. 7 (ALJ provided sufficient support for deviation by noting that the vocational expert described characteristics and requirements of jobs in the local area consistent with plaintiff's RFC).

At the hearing in this case, the ALJ presented the vocational expert with a hypothetical person with Plaintiff's RFC and asked "[w]hat jobs might be available?" The entirety of the VE's testimony in response was the identification of the three positions set forth above and the number of such jobs in the national economy. [AR 58.] The VE further testified, in response to the ALJ, that all of the identified jobs were consistent with the DOT. [*Id.*][2]

The vocational expert's testimony that these three jobs could be performed with the one-to-two step instructions limitation is clearly inconsistent with the DOT requirement of reasoning level 2, per the Ninth Circuit's decision in *Rounds*. 807 F.3d at 1003-04. The ALJ may rely on expert testimony that contradicts the DOT if the record contains persuasive evidence to support the differences. *Johnson,* 60 F.3d at 1435. However, the vocational expert in this case gave no supporting information to justify his statement that these the three identified jobs could be

---

[2] The ALJ also asked what appears, from the VE's answer, to be a more restrictive hypothetical that is, to the Court, essentially incoherent. Q: "With the physical assumptions I describe but with the assumption that those mental limitations would seldom or never allow for the previously named mental functions could one perform any of those jobs? A: No, Your Honor." [AR 58.] Whatever this more restrictive hypothetical was meant to be, it is not at issue here.

5

performed with the ALJ's one-to-two step limitation. Indeed, since the VE testified that his testimony did not contradict the DOT, it is difficult to imagine how he would have resolved any contradiction. As such, the Court finds that the record fails to contain persuasive evidence to support this deviation from the DOT.

The Commissioner does not contend that the RFC as written and the DOT requirements are consistent. Rather, the Commissioner argues that *Rounds* "should not apply to the facts of this case" because of medical evidence in the record considered by the ALJ but not presented to or considered by the vocational expert. [Def.'s Br. at 3.] Defendant's argument is essentially that the Court should make its own, independent determination that the underlying evidence before the ALJ was ***inconsistent*** with the ALJ's own final RFC determination and therefore ***consistent*** with the DOT requirements of the identified occupations. The Commissioner argues harmless error, because the weight of the evidence the ALJ considered should trump the VE's mistaken testimony and the ALJ's specific RFC limitation. While the Court believes that this case issue may be remedied on remand, it is not for the Court to disregard the required procedures and substitute its own judgment in place of either the ALJ's, in making an RFC determination, or that of the VE in opining on or describing the requirements of particular representative jobs. This case must therefore be remanded.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding

issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: October 22, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE